# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>            Plaintiff,<br><br>    v.<br><br>A. HEDGPATH, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-1393-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS STATUS, AND REQUIRING PLAINTIFF TO PAY $350.00 FILING FEE IN FULL BY SEPTEMBER 15, 2010 OR DISMISSAL WILL OCCUR<br><br>(ECF No. 2)<br><br>$350 FILING FEE DUE SEPTEMBER 15, 2010 |

      Plaintiff Tony Blackman ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 4, 2010. Plaintiff has submitted a request to proceed in forma pauperis. (ECF No. 2.)

      28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A review of the actions filed by Plaintiff reveals that Plaintiff is subject to § 1915(g)[1] and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the

---

[1] The Court takes judicial notice of the following cases filed by Plaintiff: <u>Blackman v. Hartwell</u>, 1:99-cv-05822-REC-HGB PC (E.D. Cal.) (dismissed 03/12/2001 for failure to state a claim); <u>Blackman v. Medina</u>, 3:05-cv-05390-SI (N.D. Cal.) (dismissed 03/13/2006 for failure to state a claim); <u>Blackman v. Variz</u>, 3:06-cv-06398-SI (N.D. Cal.) (dismissed 12/18/2006 for failure to state a claim); and <u>Blackman v. Taxdahl</u>, 1:04-cv-06389-AWI-LJO

1

complaint is filed, under imminent danger of serious physical injury. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[2] Because Plaintiff has alleged no facts that support a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Motion to Proceed in forma pauperis (ECF No. 2) is DENIED;

2. Plaintiff shall pay the $350.00 filing fee in full by **September 15, 2010** or this action will be dismissed without prejudice.

IT IS SO ORDERED.

**Dated:   August 11, 2010**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

(E.D. Cal.) (dismissed 05/18/2007 for failure to state a claim).

[2] To the extent that the Court can comprehend Plaintiff's allegations, his principle complaint appears to relate to his access to the law library and his ability to file legal documents, specifically applications to proceed in forma pauperis. Plaintiff also alleges that he is being denied access to haircuts and shaving equipment. Nothing in Plaintiff's Complaint suggests that he is in imminent danger of serious physical injury. See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007).